**MICHAEL N. FEUER**, City Attorney
**KATHLEEN A. KENEALY**, Chief Deputy City Attorney (SBN 212289)
**SCOTT MARCUS**, Senior Assistant City Attorney (SBN 184980)
**CORY M. BRENTE**, Senior Assistant City Attorney (SBN 115453)
**SUREKHA A. SHEPHERD**, Deputy City Attorney (SBN 193206)
200 N. Main Street, 6th Floor, City Hall East
Los Angeles, California 90012
Tel:  (213) 978-7036;  Fax:  (213) 978-8785
Email: Surekha.Shepherd@lacity.org

*Attorneys for Defendant* **LOS ANGELES POLICE DEPARTMENT**

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MORAYON SIMMONS, an individual, | ) **CASE NO.** |
| | ) |
| Plaintiff, | ) **LASC CASE NO.20STCV31758** |
| | ) *[Action Filed: August 20, 2020* |
| vs. | ) *Honorable Robert S. Draper; Dept. 78]* |
| | ) |
| CITY OF LOS ANGELES, a municipal | ) **NOTICE OF REMOVAL OF** |
| entity; LOS ANGELES POLICE | ) **ACTION UNDER 28 U.S.C.** |
| DEPARTMENT, a municipal entity; | ) **§§1441 (a) and 1446 (a);** |
| COUNTY OF LOS ANGELES, | ) **DECLARATIONS OF SUREKHA** |
| JONATHAN KINCAID, and DOES 1 | ) **A. SHEPHERD and PATILE** |
| through 100, inclusive, | ) **NAJARIAN; AND SUPPORTING** |
| | ) **EXHIBITS** |
| Defendants. | ) |
| | ) |
| | ) |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT**:

PLEASE TAKE NOTICE that Defendant **LOS ANGELES POLICE DEPARTMENT** hereby removes this action from the Superior Court for the State of California, County of Los Angeles to the United States District Court for the Central

1

District of California.  The removal is made pursuant to 28 U.S.C. §1446(a), on the facts set forth below:

1.      The LOS ANGELES POLICE DEPARTMENT is a named defendant in this civil action filed in the Superior Court of the State of California, County of Los Angeles entitled *Morayon Simmons v. City of Los Angeles*, et al. Superior Court Case No. 20STCV31758 (hereinafter "Plaintiff's Complaint").  Plaintiff filed his Complaint on August 20, 2020.  The following are true and correct copies of the State Court documents in the above action with referenced exhibit numbers.  Plaintiff's Complaint (Exhibit 1); Summons (Exhibit 2); Civil Case Cover Sheet (Exhibit 3); Civil Case Cover Sheet Addendum and Statement of Location (Exhibit 4); Notice of Case Assignment-Unlimited Civil Case (Exhibit 5); Notice of Case Management Conference (Exhibit 6) and Notice of Change of Address or Other Contact Information (Exhibit 7).

2.      This action meets the original jurisdiction requirements of 28 USC §1441(a) and is removable by LOS ANGELES POLICE DEPARTMENT pursuant to 28 USC § 1446(a).  A case is removable from state to federal court if the action could have been originally commenced in federal court.  28 USC § 1441(a); *Grubbs v. General Electric Credit Corp.*, 405 US 699, 702 (1972).  The propriety of removal is determined at the time the petition for removal is filed by reference to the plaintiff's complaint filed in state court.  *La Chemise Lacoste v. Alligator Co.,* 506 F.2d 339, 343-44 (3d Cir. 1974).  When the complaint states a claim invoking original jurisdiction of the federal court, the action is removable.  *Id.*  Under the Judicial Code, federal district courts have original jurisdiction in the district courts over all actions brought under 42 USC §1983.  *See* 28 USC § 1343(a)(3).  Moreover, the Code confers original jurisdiction in the district courts over all actions involving federal questions.  *See* 28 USC §1331.

3.      The gravamen of this action is the federal civil rights claim set forth in the first through the fourth causes of action of Plaintiff's Complaint.

4.      State law claim is also asserted in the Fifth Cause of Action of Plaintiff's Complaint.  When an action originally filed in state court is removed to federal court, the federal tribunal has jurisdiction to determine not only the federal claims but all pendent state claims "that are so related to claims in the action … that they form part of the same case or controversy…." *See* 28 USC § 1367.

5.      Defendant LOS ANGELES POLICE DEPARTMENT was served with Plaintiff's Complaint on October 26, 2020, and consents to this removal.  (See Declaration of Surekha A. Shepherd).

As of this date, named Defendant CITY OF LOS ANGELES has not been served with Plaintiff's Complaint.  (See Declarations of Surekha A. Shepherd and Patile Najarian).  Additionally, named defendants OFFICER JONATHAN KINCAID and COUNTY OF LOS ANGELES have not been served with Plaintiff's Complaint and therefore do not need to consent to this removal.  (See Declarations of Surekha A. Shepherd and Patile Najarian).  A Defendant filing a removal petition only has to get the consent of or seek the joinder of "all then served Defendants."  *Getty Oil Corp. v. Ins. Co. of North America*, 841 F.2d 1254 (5th Cir. 1988);  *Salverson v. Western States Bankcard Ass'n*, 731 F.2d 1423, 1429 (9th Cir. 1984) (holding that Defendants not served at the time a first-served Defendant files its removal petition need not be joined in the notice of removal).  Thus, Defendants who have not been served when the removal petition is filed need not join in it.  *Id.* (citing *Pullman Co. v. Jenkins*, 305 U.S. 534, 59 S. Ct. 347, 83 L. Ed. 334 (1939); *Lewis v. Rego Co.*, 757 F.2d 66, 68-69 (3d Cir. 1985).)

6.      Further, other than those persons identified above and the persons identified in the caption as "DOES 1 through 100" there are no other named defendants in this lawsuit.  Therefore, there are no other defendants who need to consent in order for this case to be removed.  (See Declaration of Surekha A. Shepherd).

7.    The Notice of Removal is filed with this Court within 30 days after Defendant LOS ANGELES POLICE DEPARTMENT was served with Plaintiff's Complaint on October 26, 2020.  (See Declaration of Surekha A. Shepherd).

8.    The Notice of Removal is being filed in this Court and in the Superior Court of the State of California, County of Los Angeles.

WHEREFORE, the above-entitled action, now pending in the Superior Court of the State of California, County of Los Angeles, is removed to the United States District Court for the Central District of California.

DATED:        November 25, 2020        Respectfully submitted,

**MICHAEL N. FEUER**, City Attorney
**KATHLEEN A. KENEALY**, Chief Deputy City Attorney
**SCOTT MARCUS**, Senior Assistant City Attorney
**CORY M. BRENTE**, Senior Assistant City Attorney


By:  /s/ *Surekha A. Shepherd*

**SUREKHA A. SHEPHERD**, Deputy City Attorney
Attorneys for Defendant **LOS ANGELES POLICE DEPARTMENT**

## **DECLARATION OF SUREKHA A. SHEPHERD**

I, SUREKHA A. SHEPHERD, do hereby declare that I have personal knowledge of the facts set forth herein and that if called as a witness in this case, I could and would competently testify as follows:

1. I am a Deputy City Attorney for the City of Los Angeles. In that capacity, I have been assigned to assist in representing Defendant LOS ANGELES POLICE DEPARTMENT in the case of *Morayon Simmons v. City of Los Angeles, et al.* Superior Court Case No. 20STCV31758, now pending in the Los Angeles Superior Court.

2. The following are true and correct copies of the State Court documents in the above action with referenced exhibit numbers: Plaintiff's Complaint (Exhibit 1); Summons (Exhibit 2); Civil Case Cover Sheet (Exhibit 3); Civil Case Cover Sheet Addendum and Statement of Location (Exhibit 4); Notice of Case Assignment-Unlimited Civil Case (Exhibit 5); Notice of Case Management Conference (Exhibit 6) and Notice of Change of Address or Other Contact Information (Exhibit 7).

3. Defendant LOS ANGELES POLICE DEPARTMENT was served with Plaintiff's Complaint on October 26, 2020, and consents to this removal. Attached hereto as Exhibit 8 is a true and correct copy of the Summons served on Defendant LOS ANGELES POLICE DEPARTMENT.

As of this date, named Defendant CITY OF LOS ANGELES has not been served with Plaintiff's Complaint. (See Declaration of Patile Najarian). Additionally, named defendants OFFICER JONATHAN KINCAID and COUNTY OF LOS ANGELES have not been served with Plaintiff's Complaint and therefore do not need to consent to this removal. (See Declaration of Patile Najarian).

4. Further, other than those persons identified above and the persons identified in the caption as "DOES 1 through 100" there are no other named

defendants in this lawsuit.  Therefore, there are no other defendants who need to consent in order for this case to be removed.

5.     This Notice of Removal is filed with this Court within 30 days after Defendant LOS ANGELES POLICE DEPARTMENT was served with Plaintiff's Complaint on October 26, 2020.

6.     This Notice of Removal is being filed in this Court and in the Los Angeles Superior Court.

I declare under penalty of perjury pursuant to the laws of the United States of America that the foregoing is true and correct.

Executed on November 25, 2020, at Los Angeles, California.


By: /s/ *Surekha A. Shepherd*
    **SUREKHA A. SHEPHERD**, Deputy City Attorney

6

## DECLARATION OF PATILE NAJARIAN

I, PATILE NAJARIAN, do hereby declare that I have personal knowledge of the facts set forth herein and that if called as a witness in this case, I could and would competently testify as follows:

1.  I am a Paralegal for the City of Los Angeles.  In that capacity, I have been assigned to assist Deputy City Attorney Surekha A. Shepherd in representing the LOS ANGELES POLICE DEPARTMENT in this civil action filed in the Superior Court of the State of California, County of Los Angeles *Morayon Simmons v. City of Los Angeles, et al.,* Superior Court Case No. 20STCV31758, now pending in the Los Angeles Superior Court.

2.  On November 25, 2020, I was informed by the County of Los Angeles' representative, of the Los Angeles County Claims Department which tracks service of process for the County of Los Angeles that there was no record of service of Plaintiff's Complaint on the County of Los Angeles.

3.  Further, on November 25, 2020, I contacted the office of Los Angeles County's General Counsel, who would be representing named Defendant COUNTY OF LOS ANGELES and I was informed that named Defendant COUNTY OF LOS ANGELES has not been served with the summons and complaint for this matter. Therefore, because named Defendant COUNTY OF LOS ANGELES has not been served with the summons and complaint for this matter, its consent is not required to remove this case.

4.  On November 25, 2020, I contacted the City Clerk's Office, responsible for accepting service for the City, and was advised that the CITY OF LOS ANGELES has not been served with Plaintiff's Complaint.

5.  On November 25, 2020, I spoke with OFFICER JONATHAN KINCAID, who advised me that he has not been served with Plaintiff's Complaint.

/ / /

7

I declare under penalty of perjury pursuant to the laws of the United States of America that the foregoing is true and correct.

Executed on November 25, 2020, at Los Angeles, California.

/s/ *Patile Najarian*

PATILE NAJARIAN, Declarant

**PROOF OF SERVICE**

I, MARGARIT AVESYAN, declare as follows:

At the time of service I was over 18 years of age and not a party to this action.   My business address is 200 N. Main Street, 600 City Hall East, Los Angeles, CA  90012, which is the County, City and State where this mailing occurred.

On November 25, 2020, I served the document(s) described as: **NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§1441 (a) and 1446 (a); DECLARATIONS OF SUREKHA A. SHEPHERD and PATILE NAJARIAN; AND SUPPORTING EXHIBITS** on the interested parties in this action:

**PLAINTIFF'S COUNSEL**
Martin Louis Stanley, Esq.
137 Bay Street #2
Santa Monica, CA 90405
Telephone: (310) 399-2555
Fascimile: (310) 399-1190

Edmont T. Barrett, Esq.
5150 East Pacific Coast Highway, 2nd Floor
Long Beach, CA 90804
Telephone: (562) 597-3070
Fascimile: (562) 494-1132

I enclosed true copies of the documents(s) in a sealed envelope or package addressed to the person(s) address(es) as above and:

[**X**] By United States Mail:
[**X**] I placed the envelope for collection and mailing, following our ordinary business practices.  I am readily familiar with this business's practice for collecting and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.  I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after date of deposit for mailing affidavit.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
Executed on November 25, 2020, at Los Angeles, California

/s/ *Margarit Avesyan*
MARGARIT AVESYAN

9